UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cv-00212-JDL |
| | ) | |
| DR. VICTOR G. PETRECA, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff seeks to assert a claim based on Defendant's alleged disclosure of Plaintiff's personal information. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

#### DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Here, the only substantive fact Plaintiff alleges is that Defendant "talk[ed] to half way house (Kim) about [Plaintiff] getting treatment at the VA Togus and it was personal info." (Complaint at 4.)  Plaintiff's complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  Accordingly,

Plaintiff has not asserted an actionable claim.[1]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of August, 2021.

---

[1] The Court also likely lacks subject matter jurisdiction. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). Plaintiff seeks to invoke the Court's federal question jurisdiction. Pursuant to § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has alleged no facts that would support a federal question claim. Federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff has alleged that he resides in Maine and Defendant resides in Massachusetts. (Complaint at 1-2.) While Plaintiff seeks to recover an amount in excess of the jurisdictional threshold, he has not alleged any facts to support a finding that the amount in controversy exceeds $75,000. Courts may rely on judicial experience and common sense to conclude that a matter does not present a claim of the requisite value. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).