UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:21-cv-00212-LEW |
| | ) | |
| DR. VICTOR PETRECA, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On August 5, 2021, the United States Magistrate Judge filed with the Court, with copies to the parties, his Recommended Decision After Review of Plaintiff's Complaint, pursuant to the screening requirement of the in forma pauperis statute, 28 U.S.C. § 1915(e)(2). Plaintiff Gregory Paul Violette filed an objection to the Recommended Decision on August 16, 2021, along with a motion to amend his complaint. Following de novo review of the Recommended Decision and consideration of the entire record, inclusive of Plaintiff's objection and motion to amend, I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision.

Plaintiff seeks to impose liability on Defendant, a healthcare provider, based on an alleged violation of his right to have his healthcare information kept private. Federal courts are courts of limited jurisdiction. Here, Plaintiff has failed to identify any federal cause of action that would support the Court's exercise of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Furthermore, the federal statute that comes to mind given Plaintiff's allegations, the Health Insurance Portability and Accountability Act ("HIPAA"), does not authorize private actions for damages against health providers who fall short of its privacy requirements. *Miller v. Nichols*,

586 F.3d 53, 59 (1st Cir. 2009); *Padilla-Ruiz v. United States*, 593 F. App'x 1, 4 (1st Cir. 2015) (unpublished); *Noel v. Louis*, No. 12-11303-DPW, 2013 WL 5507100, at *2 (D. Mass. Sept. 30, 2013); *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 19, 17 A.3d 123, 127. Finally, although the parties are of diverse citizenship, Plaintiff has not identified the legal basis for a claim to relief under either Maine or Massachusetts common law or statutory law, Fed. R. Civ. P. 8(a)(2), and even if he cured this omission I agree with the Magistrate Judge that the allegations give no reason to infer that the amount in controversy exceeds $75,000, the amount required to support the exercise of diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

The Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated this 21st day of September, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE